IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CR-00238-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STEPHANIE PEPPERS | ) | UNDER SEAL |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant through counsel for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines regarding drug offense, (Doc. No. 692), and the government's response in support, (Doc. No. 693).

The defendant pled guilty to conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana (Count One) and conspiracy to commit money laundering (Count Two). (Doc. No. 554: Judgment).  At sentencing, the Court determined that the amount of marijuana reasonably foreseeable to the defendant was 1,524.24 kilograms. (Doc. No. 690: Supplemental Presentence Report at 1).  The total offense level of 33, combined with a criminal history category of I, resulted in an advisory guideline range of 135-168 months. (Id.).  The Court imposed a sentence of 54 months on each count concurrently based on the government's motion, (Doc. No. 492), pursuant to § 18 U.S.C. § 3553(e) and USSG §5K1.1, which amounted to 40% of the low end of the range. (Doc. No. 554: Judgment at 2).

Under the most recent amendments to the guidelines, the total offense level for the defendant's offenses is 31, USSG Supp. to Appx. C., Amend. 782 (2014), resulting in an amended guideline range of 108-125 months. (Doc. No. 690: Supplemental Presentence Report at 2).  The defendant seeks a comparably reduced sentence of 43 months pursuant to USSG

§1B1.10(b)(2)(B), (Doc. No. 692: Motion at 2), to which the government consents, (Doc. No. 693: Response at 2).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 692), is **GRANTED** and the defendant's sentence is reduced to 43 months on each count concurrently. However, if the Bureau of Prisons credits the defendant with more than 43 months as of November 1, 2015, the sentence shall be reduced to the time served.[1] All other conditions remain unchanged.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release.

**IT IS FURTHER ORDERED** that this Order shall not become effective until November 1, 2015.

---

[1] The defendant has approximately 34 credited months in the Bureau of Prisons (BOP), (Doc. No. 690: Supplemental Presentence Report at 2); however, a sentence may not be reduced below the time a defendant has already served. USSG §1B1.10(b)(2)(C).

2

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: September 25, 2015

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Defendants.